# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

Lyle W. Cayce
Clerk

No. 10-30971
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD LAWRENCE MOUTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-363-7

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Chad Lawrence Mouton pleaded guilty to conspiracy to possess with intent to distribute cocaine and methamphetamine and to possession of a firearm by a convicted felon. He received concurrent prison sentences of 292 months and 120 months, respectively. On appeal, Mouton contends that the district court committed procedural error in its application of the Sentencing Guidelines. Under the plea agreement, the Government agreed that if it determined that Mouton had provided substantial assistance, it would not seek to enhance his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence beyond that based on only one of his two prior felony drug convictions. Mouton maintains that, pursuant to the plea agreement, the district court could use only one of the prior convictions at sentencing. Although Mouton asserts that the guidelines range, which was based on a finding that he was a career offender, was properly calculated, he maintains that he should have received a one-level reduction in his criminal history category once the Government acknowledged his substantial assistance.

Generally, we review sentences for procedural and substantive reasonableness, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (5th Cir. 2007). However, Mouton failed to argue in the district court that it was bound by the plea agreement to use only one of his prior convictions for determining the applicable guidelines range. Therefore, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The district court is not bound by the stipulations of the parties in sentencing and may determine the relevant sentencing facts with the assistance of the presentence report. *United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir. 1995) (concluding that the district court was not bound by the parties' stipulation as to drug quantity). Moreover, the lower guidelines range espoused by Mouton applied only if the district court agreed with Mouton's assertion that his criminal history category was overrepresented. Because the court did not make such a finding, the lower guidelines range does not apply. Therefore, Mouton has failed to show any error, much less one that is clear or obvious. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Consequently, the judgment of the district court is AFFIRMED.